UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

EDWARD C. BERTHIAUME

V.   CIVIL ACTION NO. 1:08-cv-238

BERYL COHEN, ESQ.

U.S. DISTRICT COURT
DISTRICT OF N.H.

2008 JUN 12 A 10:48

[X] Demand Jury Trial

**COMPLAINT**

1. Plaintiff:

   Edward C. Berthiaume
   P.O. Box 654
   Belmont, NH 03220

2. Defendant:

   Beryl Cohen, Esq.
   11 Beacon St.
   Boston, MA 02108

3. Jurisdiction:

   The U.S. District Court has jurisdiction over this case, as it involves a dispute with an out of state resident with an amount in controversy exceeding $75,000.

4. Notice to Court:

   Plaintiff is notifying the Court that his son, Edward "D." Berthiaume, filed a separate Complaint as well in this Court and wishes to point out that the names do not get mixed up. Therefore, in this case, the Plaintiff will be referred to as "C. Berthiaume".

5. Allegation 1:

   Attorney Beryl Cohen, was given a payment of $15,000 by the Plaintiff to represent Plaintiff and his son, Edward D. Berthiaume, in the seizure and potential forfeiture of (3) properties, two of which were the Plaintiff's son's, and one of which was owned by the Plaintiff, located at 277 Weirs Blvd., Unit 11, Laconia, NH. This property was "mistakenly" seized under the Plaintiff's son's name, Edward "D." Berthiaume. Attorney Cohen failed to meet his agreement to do what was necessary to stop the forfeiture and have the Plaintiff's seized property "released" from the Governments action by challenging the seizure/forfeiture.

Allegation 2:

Attorney Beryl Cohen did knowingly fail to file his E.C.F. registration in a timely manner as ordered by the Courts, and was "stricken" by the Court for his incompetence, (See, attached Court Order dated December 12, 2005). However, at the same time, after receiving this order, Attorney Cohen told the Plaintiff (and his son), that he had already "taken care of it", but in fact had not. (See, attached Court Orders dated March 13, 2006 & Sealed Order dated August 24, 2006, pgs 1 & 2, and Sealed Order dated September 29, 2006, pg 1, and Motion for Clarification dated August 30, 2006, pg 2).

Allegation 3:

Attorney Beryl Cohen did knowing completely disreguard his clients wishes. Attorney Cohen was asked numerous times by the Plaintiff and his son (Edward D. Berthiaume), both verbally and in writing throughout the entire process of the Government's forfeiture, right on through to the Government being "granted" Final Forfeiture, to "File a Claim".

Allegation 4:

Attorney Beryl Cohen assured the Plaintiff that he was in contact with the Assitant U.S. Attorney, Robert Raybuck about his being "stricken" by the Courts, when in Fact this was an outright lie. (See, attached Declaration of A.U.S.A. Robert Raybuck, dated November 2, 2006).

Allegation 5:

Attorney Beryl Cohen told the Plaintiff he was "taking care of everything" and "not to worry", and that he was in "constant contact" with A.U.S.A. Robert Raybuck, when in fact he only talked to Attny Raybuck "once", after the property went to final forfeiture. (See, attached Declaration of A.U.S.A. Raybuck dated November 2, 2006).

Allegation 6:

Attorney Beryl Cohen did knowingly completely disregard all Court orders and notifications and deadlines causing the loss of three properties, (The Plaintiff's included), to final forfeiture.

Allegation 7:

Attorney Beryl Cohen did knowingly "fail to file a timely claim", (The actual "ruling" and "cause" of loss of the property), resulting in the property going to final forfeiture through no other reason other than his negligence, incompetence and inactions. While having his clients (The Berthiaumes) believe he was acting in their best interest, and doing what he said he was doing.

Allegation 8:

Attorney Beryl Cohen " withdrew" as counsel after the Court "not allowing" him to be "fired" through a Motion to Dismiss Counsel filed by the Plaintiff's son (D. Berthiaume), (See, attached Motion to Dismiss dated May 18, 2006, and Pro Hac Vice - Lawyer, Donald Kennedy's Motion to Withdraw, dated May 26, 2006). Leaving the Plaintiff in utter disbelief at the "gall" and "audacity" of the Defendant to actually use this as his grounds for withdrawal, or to even "consider" being paid additional funds after all the damage already caused by the Defendant's incompetencies.

Allegation 9:

Attorney Beryl Cohen, "knowing" that the Plaintiff's whole life's saving was tied up in said property, completely disregarded the Plaintiff's fudiciary trust in him causing not only the loss of the instant property, but several others that the Plaintiff had refinanced to purchase & renovate the instant property, causing excessive losses due to the chain reaction started by Attorney Cohen, (i.e. The Plaintiff refinanced three other properties to buy the instant investment property & renovate it) By Attorney Cohen's incompetencies, the Plaintiff was stuck with the three maxed out mortgage payments, and the condo fees, taxes, insurance, etc. on the instant property and the cost to hire "another" attorney to undo the damages caused by Attorney Cohen, and having to pay the Government over $25,000 in legal fees that would have either not existed or would've been "much" lower. This overload of expenses inadvertantly forced the Plaintiff to have to sell three other properties, including his vacation home in Florida, "all" at a loss, and had to dip into his retirement funds, and go back to work. In the end, when all the smoke had cleared the Plaintiff ended up in such financial ruin that he had to sell the instant property for less than half what he originally invested into it, (not including the year and a half of Condo fees, taxes, etc.). All in all the financial damages are in the hundred's of thousands of dollars, leaving the Plaintiff in financial ruin.

Allegation 10:

Attorney Beryl Cohen, although asked, has never supplied a bill or reciept for "supposed" services he supplied.

6. In Closing:

The Plaintiff feels that the Defendant, Attorney Beryl Cohen has totally failed in "all" of his sworn to duties as an Attorney. The Plaintiff feels that the Defendant not only stole his money, butshould not be allowed to practice law. As an "Attorney" who is bound by a Code of Professional Conduct and Client-Lawyer Relationship, Attorney Cohen's actions "against" this code as an Attorney are as follows:

- Breached Client's Fudiciary Trust
- Lied & Misled Client
- Gave False Representation to, and "Lack of" Representation of, Client's interests
- Was negligent & incompetent in his actions and representation
- Ignored Court Orders, deadlines, and diligence
- Ignored Clients requests/pleadings and needs
- Caused Client "excessive financial damages"
- Caused Client "excessive stress and duress"

...And the Plaintiff has numerous documents, phone records and witnesses he plans to use to verify all of the above "Allegations". (See, partial list of documents enclosed as exhibits, and enclosed copy of letter to Disciplinary Review Committee).

7. Relief Requested:

The Plaintiff, Edward C. Berthiaume, asserts damages by the Defendant in the amount of #500,000, and asks this Honorable Court to hold the Defendant liable in its entirety, as compensation for the losses caused the Plaintiff by the Defendant, (See, #9 Allegation for a "partial" list of losses), as well as the resultant stress, mental anguish and emotional distress inflicted upon the Plaintiff Edward C. Berthiaume (and his Family), during the entire ordeal.

WHEREFORE, Plaintiff prays this Honorable Court will:

    A) Grant Plaintiff's Complaint; and

    B) Appoint an Attorney to this Case; and

    C) Schedule a Rule 8 Evidentiary Hearing after Preliminary Review is conducted; and

    D) Provide such and further relief as deemed just and equitable by this Court.

Respectfully Submitted,

*Edward C. Berthiaume*
Edward C. Berthiaume, Pro Se
P.O. Box 654
Belmont, NH 03220
603 267-8875

I, HEREBY DECLARE UNDER PENALTY OF PERJURY THE INFORMATION CONTAINED HEREIN IS CORRECT AND TRUE.

JUNE 11, 2008
DATE

*Edward C. Berthiaume*
SIGNATURE