UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Edward C. Berthiaume

   v.                                    Civil No. 08-cv-238-JL

Beryl Cohen, Esq.

**O R D E R**

Pro se plaintiff Edward C. Berthiaume has filed suit against Beryl Cohen, Esq., alleging that defendant has committed legal malpractice and breach of contract, torts arising under state law. Because plaintiff is proceeding pro se and has paid his filing fee, the complaint is before me for preliminary review to determine whether this Court's subject matter jurisdiction has been invoked. See United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(A).

Standard of Review

Under this Court's local rules, when a plaintiff commences an action pro se, the magistrate judge is directed to conduct a preliminary review. Id. In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S.

Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

## Discussion

I.  Factual Background

In 2005, plaintiff hired defendant Beryl Cohen to represent him in a civil forfeiture matter. According to the complaint, Cohen took plaintiff's money, but failed to perform the services agreed upon. As a result of Cohen's failure to properly

represent him, plaintiff alleges that he lost hundreds of thousands of dollars in property and cash.

II.  Subject Matter Jurisdiction

Federal Courts are courts of limited jurisdiction.  Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (1994).  The presumption is that a federal court lacks jurisdiction.  Id.  Consequently, the burden is on the plaintiff who claims jurisdiction to affirmatively allege jurisdiction and prove it.  Id.; see also Bender v. Williamsport Sch. Dist, 475 U.S. 534, 541 (1986).  To bring a civil action within the court's subject matter jurisdiction, a plaintiff must allege that his action either involves a federal question, or involves citizens from different states and an amount in controversy in excess of $75,000.  See 28 U.S.C. §§ 1331 & 1332.  If it appears that the courts lacks subject matter jurisdiction over the matter, the court is required to dismiss the action.  Fed. R. Civ. P. 12(h)(3).

Plaintiff's complaint alleges actions that arise under state law.  Plaintiff also clearly alleges an amount in controversy in excess of $75,000 and diversity of citizenship, in that plaintiff is a resident of New Hampshire and defendant is a resident of

Massachusetts.  Accordingly, without any further comment on the merits of the complaint, I find that plaintiff has invoked the diversity jurisdiction of this Court.  <u>See</u> 28 U.S.C. §1332(a)(1) (authorizing District Court jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the parties are citizens of different states).

III.  <u>Service</u>

Plaintiff is required to serve a summons and a copy of the complaint upon a defendant to a civil action within 120 days of the date the complaint was filed or else the court will dismiss the case for failure to prosecute.  Fed. R. Civ. P. 4(m).[1]  As of October 29, 2008, 139 days after the complaint in this case was filed, the plaintiff has not filed any certificate of service indicating that the defendant has been served with a copy of the complaint.[2]  In accordance with Fed. R. Civ. P. 4(m), plaintiff

---

[1] Fed. R. Civ. P. 4(m) states:

> [T]he court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

[2] The Court's docket in this case indicates that summons was issued electronically on June 13, 2008.

4

is hereby notified that this case will be dismissed without prejudice in thirty days of the date of this Order, unless the Court receives return of service documents or a motion to extend time to effect service by that date.

    **SO ORDERED.**

                                          _____
                                          James R. Muirhead
                                          United States Magistrate Judge

Date:    October 29, 2008

cc:      Edward C. Berthiaume, pro se